## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| v. | * | Criminal No. 13-660 (RWT) |
| **HENRY GARVIN** | * | |
| | * * * * * | |

### MOTION TO SUPPRESS TANGIBLE EVIDENCE SEIZED FROM
### 5501 45th AVE, APT 110, HYATTSVILLE, MARYLAND

Henry Garvin, by and through his attorney, hereby moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any evidence seized from the residence located at 5501 45th Avenue, Apartment 110, Hyattsville, Maryland. As grounds therefore, Mr. Garvin states the following:

1. Mr. Garvin is currently charged in a four count indictment. The first count of the indictment alleges that on November 22, 2013, Mr. Garvin possessed with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841. Counts Two and Three allege that Mr. Garvin possessed various firearms having been convicted of a crime punishable by imprisonment for a term exceeding one year, and that he possessed said firearms in furtherance of the drug trafficking crime charged in count one. Count Four contains a forfeiture allegation. The charges stem from the search of 5501 45th Avenue, Apartment 110, Hyattsville, Maryland, on November 22, 2013.

2. The search of the residence at 5501 45th Avenue, Apartment 110, Hyattsville, Maryland violated the Fourth Amendment to the United States Constitution, because police searched the home with a warrant which was obtained based on false information.

3. Evidence obtained pursuant to a warrant issued upon an affidavit which includes information which the affiant knew or should have known to be false, must be suppressed. *Franks v. Delaware*, 438 U.S. 154 (1978).

4. In addition, the search violated the Fourth Amendment because the affidavit underlying the warrant did not establish probable cause to believe that evidence of a crime would be found at the location. *See Doe v. Broderick*, 225 F.3d 440, 451 (4th Cir. 2000) ("The fundamental constitutional principle that search warrants must be founded upon probable cause derives from the language of the Fourth Amendment itself, which provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'"); *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (officer seeking issuance of search warrant must present affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause"; probable cause requirement demands that officer demonstrate "fair probability" that evidence of crime will be found at particular place); *Brinegar v. United States*, 338 U.S. 160, 175 (1949) (probable cause means "more than bare suspicion").

5. Moreover, the affidavit was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrant. *See United States v. Leon*, 468 U.S. 897, 923 (1984) (when warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith).

WHEREFORE, Henry Garvin respectfully moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any evidence seized from the property located at 5501 45th Avenue, Apartment 110, Hyattsville, Maryland.

> Respectfully submitted,
>
> _____/s/_____
> Nikki Lotze
> LOTZE MOSLEY, LLP
> 400 7th Street, NW
> Suite 202
> Washington, D.C. 20004
> (202) 393-0535